IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| NICKOLAS G. SPANOS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 3:22CV503 |
| JOHN A. GIBNEY, | * | |
| Defendant. | * | |

***

**MEMORANDUM OPINION**

Self-represented Plaintiff, Nickolas G. Spanos, brings this civil action against John A. Gibney, who is a United States District Judge for the Eastern District of Virginia. ECF No. 1-1. Mr. Spanos' complaint pertains to a prior proceeding Judge Gibney handled in his capacity as a Judge in this court. *Id.*

The current action was filed in state court, and removed by Judge Gibney to federal court on the basis of federal officer removal jurisdiction, *see* 28 U.S.C. § 1441(a)( and (3).[1] ECF No. 1.

---

[1]  Removal was proper:
The federal officer removal statute is the culmination of a long history of removal provisions designed to protect federal officers in the performance of their federal duties. *See, Mesa v. California,* 489 U.S. 121, 125-26 (1989); *Willingham v. Morgan*, 395 U.S. 402, 405-07 (1969). Section 3 of the Force Act of 1833, Act of March 2, 1833, 4 Stat. 632, 633-34, for example, is the historical antecedent of § 1442 and was the federal government's response to South Carolina's attempt to "nullify" the national revenue laws. *Gay v. Ruff*, 292 U.S. 25, 321099 (1934). The Force Act was passed to prevent "paralysis" of federal operations by protecting federal revenue agents from state court prosecutions for violations of state law. *See also* Act of February 4, 1815, § 8, 3 Stat. 195, 198. In 1875, the right of removal was extended to members of both houses of Congress. Act of March 3, 1875, § 8, 18 Stat. 371, 401 (codified at 28 U.S.C. § 1442(a)(4)). In 1916, it was extended to officers of the United States courts, Act of August 23, 1916, 39 Stat. 532 (codified at 28 U.S.C. § 1442(a)(3)); and in the Judicial Code of 1948, the removal statute was extended to encompass all federal officers and their agents. *See* H.R.Rep. No. 308, 80th Cong., 1st Sess. (1947). *See also Gay*, 292 U.S. at 32-33 n. 8.
While the scope of the federal officer removal statute has broadened, its underlying rationale remains unchanged: "Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a

Judge Gibney filed a motion to dismiss which is pending. ECF No. 2. Mr. Spanos filed a response in opposition and Judge Gibney filed a reply. ECF Nos. 7, 9.

Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 7(J) (E.D. Va. 2020). For the reasons set forth below, Judge Gibney's motion to dismiss will be granted and the complaint will be dismissed.

## BACKGROUND

Mr. Spanos' complaint pertains to a prior proceeding Judge Gibney handled in his capacity as a United States District Judge for the Eastern District of Virginia. ECF No. 1-1, *Spanos v. Vick*, Case No. 3:21cv638 (E.D. Va.). Mr. Spanos initially filed the underlying action in the Circuit Court for Henrico County, Virginia, against the former State Attorney for Henrico County seeking to have him disciplined or disbarred. *Id.* at ECF No. 1-1. That action was removed to this court and eventually assigned to Judge Gibney. Mr. Spanos filed a motion requesting that Judge Gibney recuse himself due to alleged conflicts of interest contrary to judicial ethics rules. *Id.* at ECF No.

---

federal forum." *Willingham*, 395 U.S. at 407. A federal officer's right of removal under § 1442(a)(1) is therefore available whenever a suit in a state court is for any act "under color" of federal office-i.e., whenever a federal defense can be alleged by the federal officer seeking removal. *Mesa*, 489 U.S. at 124-25. The removal statute clearly "'cover[s] all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law.... In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.'" *Id*. at 133, quoting *Willingham*, 395 U.S. at 406-07.

Although 28 U.S.C. § 1442(a) generally requires the specific averment of a federal defense, *Mesa*, 489 U.S. at 137, the Supreme Court has explicitly left unresolved the question of whether "careful pleading, demonstrating the close connection between the state prosecution and the federal officer's performance of his duty, might adequately replace the specific averment of a federal defense." *Id*. at 132. In such circumstances, pleading by traverse may warrant removal. We think that this is such a case.

*Kolibash v. Comm. on Legal Ethics of W. Virginia Bar,* 872 F.2d 571, 573–74 (4th Cir. 1989).

2

17. Judge Gibney denied the motion to recuse. *Id.* at ECF No. 18. Mr. Spanos did not appeal the decision. Thereafter, Judge Gibney dismissed the action finding that Mr. Spanos lacked standing on any federal claim and remanded the state law claims to the county court. *Spanos v. Vick*, 576 F.Supp.3d 361 (2021). Again, Mr. Spanos did not appeal Judge Gibney's decision.

Mr. Spanos subsequently filed the current lawsuit in the Circuit Court for Henrico County, Virginia against Judge Gibney. ECF No. 1-1. Mr. Spanos seeks either revocation of Judge Gibney's license to practice law in Virginia, or that Judge Gibney be disciplined under the Virginia Code of Professional Conduct. ECF No. 1-1 at 37-38. Judge Gibney removed the case to this court.

Mr. Spanos cites to a provision in the Virginia Code as authority for his standing to bring this action:

> Notwithstanding the foregoing provisions of this article, the Supreme Court shall not promulgate rules or regulations prescribing a code of ethics governing the professional conduct of attorneys which are inconsistent with any statute; **nor shall it promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys**. In no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

Va. Code Ann. § 54.1-3915 (West) (emphasis added).

Mr. Spanos asserts that the Virginia Code confers standing on the courts to discipline attorneys and, as an individual, he has standing to file an ethics complaint in the Virginia courts against Judge Gibney to seek discipline or disbarment. ECF No. 1-1 at 4. This is the same argument he unsuccessfully made in *Spanos v. Vick*, in his attempt to have Mr. Vick's license to practice law suspended or for Mr. Vick to be disciplined under the Virginia Code of Professional Conduct.

**STANDARD OF REVIEW**

A motion to dismiss for lack of Article III or prudential standing is addressed under Fed. R. Civ. P. 12(b)(1), because it challenges a court's authority to hear the matter. When brought as a facial, rather than factual, challenge, the motion is evaluated under the standard set forth in Rule 12(b)(6). *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A challenge to statutory standing, however, is a motion to dismiss for failure to state a claim. *CGM, LLC v. BellSouth Telecomm., Inc.*, 664 F.3d 46, 51-52 (4th Cir. 2011). Thus, regardless of the type of standing challenge, this motion is to be reviewed by the standards applicable to Fed. R. Civ. P. 12(b)(6). In that case, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

This court is mindful of its obligation liberally to construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Judge Gibney seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6) asserting that: (1) Mr. Spanos lacks standing to assert a claim pursuant to Virginia Code § 54.1-3915; (2) the claim is barred by the doctrine of collateral estoppel as Mr. Spanos had a full and fair opportunity to pursue his claim under Virginia Code § 54.1-3915 in *Spanos v. Vick*; (3) no private right of action exists under Virginia's Rules of Professional Conduct or Virginia's Judicial Canons; and (4) Judge Gibney is entitled to absolute judicial immunity. ECF No. 3.

In his response to the motion, Mr. Spanos asserts that judicial immunity does not apply in cases alleging unethical conduct. He further asserts that his action is not a private cause of action, but instead an "action filed to protect the Public" (ECF No. 7 at 5) which he calls a "public cause of action" *Id.* at 18.

## A. Standing

Article III of the United States Constitution demands that federal courts adjudicate only "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "One element of the case-or-controversy requirement" is that a plaintiff must establish standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). A plaintiff has standing where he has (1) suffered an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). This case squarely concerns the third element of the prudential standing requirements, that the action is likely to be redressed by a favorable judicial decision. The question turns on whether Virginia law allows a private individual to bring a state court action seeking to have an attorney disciplined or disbarred. If the answer to this question is no, then Mr. Spanos lacks standing because a court cannot provide him with the relief he seeks. If Virginia law does not create a cause of action and authorize Mr. Spanos to bring that cause of action, then he also lacks statutory standing.

Mr. Spanos asserts that it is irrelevant whether the law allows him to bring an individual cause of action because that is not his intent. He claims to have filed a "public cause of action." ECF No. 7 at 18. This argument fails because there is no basis in law for Mr. Spanos to bring an action for the public welfare. He does not have standing to act in the public interest.

The court moves next to consider whether Mr. Spanos has the right to file an individual cause of action. The crux of Spanos' argument is that because Virginia Code § 54.1-3915 states that the "Supreme Court shall not . . . promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys," this in turn allows a private individual to bring an action in Virginia state courts to discipline an attorney.

6

However, there is no authority construing this provision to mean that an individual cause of action exists.

Under Virginia law, the Virginia Supreme Court has clear authority to prescribe a code of ethics governing the conduct of attorneys, and for "[p]roscribing procedures for disciplining, suspending, and disbarring attorneys." Va. Code Ann. § 54.1-3909 (West). In turn, the Virginia Supreme Court has adopted extensive procedures for disciplining, suspending, and disbarring attorneys. Va. Sup. Ct. R. 6, sec. IV, para. 13. None of these procedures allow for a private individual to institute such an action. The language that Mr. Spanos relies on simply protects the authority of a state court to ban an attorney from practicing before that particular court, and directs that the Virginia Supreme Court may not usurp that authority. *Spanos v. Vick*, 576 F.Supp.3d at 367 (E.D. Va. 2021). *See also In re Jonathan A. Moseley*, 273 Va. 688 (S.Ct. Va. 2007) (Circuit Court had jurisdiction to revoke attorney's privilege to practice before that court and throughout that Circuit, but no further) and *Mosely v. Va. State Bar, ex rel. Seventh Dist. Comm.*, 694 S.E.2d 589 (2010) (Virginia State Bar commenced disciplinary proceedings under the Rules of Court and under that process a three-judge circuit court panel suspended the attorney's license to practice throughout Virginia).

Virginia state courts have also held that attorney disciplinary rules do not provide a basis for a private cause of action, in the context of recovery for damages. *See Carter v. Williams*, 246 431 S.E.2d 297, 301 (Va. 1993) (citing *Ayyildiz v. Kidd*, 266 S.E.2d 108, 112 (1980)). *See also In re Palumbo Family Ltd. P'ship*, 182 B.R. 447, 469-470 (Bankr. E.D. Va. 1995) ("the ethical considerations contained in the Virginia Code of Professional Responsibility are merely aspirational and, as such, they fail to supply a cause of action to private litigants") (citing *Carter*, 431 S.E.2d 297; *Ayyildiz*, 266 S.E.2d 108).

Mr. Spanos conflates the issue of standing with the issue of jurisdiction. He argues in his reply that if the state courts have jurisdiction to decide attorney disciplinary matters, a private individual can bring such matters directly to their attention by instituting a lawsuit against an attorney. This argument ignores the rules and regulations promulgated by the Virginia Supreme Court setting forth the method for instituting attorney discipline, which do not establish a private right of action. Mr. Spanos clearly does not have standing in any capacity to bring an action seeking discipline of an attorney.

B.     **Judicial Immunity**

Even if the court were to find that Mr. Spanos has both prudential and statutory standing to bring his complaint, Judge Gibney would have judicial immunity for acts taken in his official or individual capacity. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Mr. Spanos alleges that Judge Gibney's actions in handling the litigation, *Spanos v. Vick*, were unethical. Mr. Spanos does not allege that Judge Gibney actions were beyond the scope of the litigation, and thus judicial immunity applies.

Further, judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)(*quoting Bradley v. Fisher*, 13 Wall. 335, 349 (1872)). *See also Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Regardless of Mr. Spanos' claims, he provides no grounds to defeat the judicial immunity that applies to Judge

Gibney's determinations in *Spanos v. Vick*. Judge Gibney is entitled to judicial immunity for his actions.

## CONCLUSION

By separate Order that follows, Judge Gibney's motion to dismiss will be granted and the complaint will be dismissed for lack of standing. Further, Judge Gibney is entitled to judicial immunity for any and all actions as alleged in the complaint.

November 17, 2022                                  _____/s/_____
                                                                  DEBORAH K. CHASANOW
                                                                  United States District Judge